IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREG R. McCALL,<br>                Plaintiff,<br><br>   vs.<br><br><br>BUTLER HEALTH SYSTEM/BUTLER<br>MEMORIAL HOSPITAL,<br>                Defendant. | )<br>)<br>)<br>) Civil Action No. 13-130<br>)<br>) Magistrate Judge Maureen P. Kelly<br>)<br>) Re: ECF No. 14<br>)<br>) |

## OPINION AND ORDER

**KELLY, Magistrate Judge**

Defendant Butler Health System/Butler Memorial Hospital ("Butler") has filed a Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Defendants' Motion to Dismiss [ECF No. 14] is granted and Plaintiff's First Amended Complaint is dismissed without prejudice.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Greg McCall ("Plaintiff") initiated this action on January 28, 2013, filing a Complaint with this Court [ECF No. 1]. On March 18, 2013, Defendant moved to dismiss the Complaint for failure to state a claim and raising timeliness issues. [ECF No. 3]. In response, Plaintiff filed his First Amended Complaint ("Amended Complaint"). In his Amended Complaint, Plaintiff alleges claims for age discrimination and constructive discharge pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"), and a claim for retaliation pursuant to the Pennsylvania Human Relations Act, 43 Pa.C.S. § 951, *et seq.* ("PHRA").

Because this matter comes to the Court on a Rule 12(b)(6) Motion to Dismiss, the factual allegations set forth in Plaintiff's Amended Complaint are accepted as true. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994). In pertinent part, the Amended Complaint alleges that Plaintiff was born in 1947 and was hired by Defendant in 1989. Plaintiff's last position in the Defendant's employ was as the Information Systems Technical Help Desk Supervisor in the Technical Help Desk department. Plaintiff alleges that in March 2009, at the age of 62, he was offered $26,000 to retire and when Plaintiff refused, he received two written reprimands based upon false allegations. Plaintiff had not previously been the subject of disciplinary action and Plaintiff alleges that substantially younger employees in his department were not reprimanded without justification. Beginning in July 2010, Plaintiff was assigned additional responsibilities to work as a "greeter" at the reception desk, a position for which he received no additional compensation and which Plaintiff found humiliating and discriminatory, given that the position required limited skills and none of the younger personnel in his department were similarly reassigned.

On July 20, 2010, Plaintiff filed an age discrimination charge with the Equal Employment Opportunity Commission ("EEOC") [ECF No. 12, ¶ 23; ECF No. 15-1], alleging that because of his age, he was subjected to a hostile work environment and demoted to a demeaning position with a loss of job responsibilities. [ECF No. 12, ¶¶ 23, 30]. Plaintiff cross-filed with the Pennsylvania Human Relations Commission (PHRC"). After receiving an "EEOC Dismissal letter" with respect to this charge on November 17, 2010, he "chose not to file in Federal Court." Id.

Plaintiff alleges that Defendant learned of his EEOC complaint "within days" of filing and retaliated against Plaintiff for the next 18 months by excluding him from discussions and

decisions concerning the operation of his department, undermining his ability to perform his job, and publicly berating Plaintiff concerning the shortcomings of his department. By the fall of 2011, Plaintiff was not permitted to participate in required training required for his position, and was given poor performance reviews even though he had been effectively stripped of his ability to perform his job for the years 2010 and 2011. As a result of this alleged retaliatory and discriminatory treatment, on January 4, 2012, Plaintiff filed a second charge of discrimination with the EEOC alleging a hostile work environment and retaliation, and cross-filed with the PHRC. [ECF No. 12-5, ¶¶ 23-30; ECF No. 15-2]. On April 27, 2012, Plaintiff received a second EEOC "right to sue letter," identified in Plaintiff's complaint as an "EEOC Dismissal letter." Id. at ¶ 30. The second letter, attached to Plaintiff's Amended Complaint as Exhibit 6, like the first right to sue letter Plaintiff received in 2010, contains a "Notice of Suit Rights." Through this Notice, Plaintiff was informed that he "may file a lawsuit against the defendant under federal law based on this charge in federal or state court." [ECF No. 12-6]. The letter further states "Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice;** or your right to sue based on this charge will be lost." [Id., (bold, underscore and capitalization in original)]. Plaintiff again "chose not to file in Federal Court." [ECF 12, ¶ 30].

As a result of "intolerable working conditions," Plaintiff suffered from depression, anxiety and stress to such a degree that his physician recommended he retire. [ECF No. 12, ¶¶ 11-12]. Accordingly, on February 20, 2012, Plaintiff tendered notice of his intent to retire to Butler, effective March 30, 2012. Plaintiff alleges his retirement constituted a "constructive discharge," arising out of Defendant's discriminatory and retaliatory conduct. Plaintiff therefore filed a third charge of discrimination with the EEOC (No. 533-2012-00654) on April 13, 2012, for constructive discharge and retaliation, and cross-filed with the PHRC. [ECF No. 12-3].

Plaintiff alleges that as a result of his constructive discharge, he has suffered economic losses in the form of lost wages, pension and health benefits, as well as other fringe benefits, along with future earnings, front pay and other expenditures necessitated by Defendant's conduct. [ECF No. 12, ¶¶ 16-20].

In reference to the third charge of discrimination, the EEOC issued a third right to sue letter on November 13, 2012. This suit was initiated on January 29, 2013, within 90 days of the third right to sue letter.

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343. In addition, this Court has jurisdiction over the pendant state law claims pursuant to 28 U.S.C. § 1367(a). Venue lies in this district pursuant to 28 U.S.C. § 1391(b), as the acts giving rise to this lawsuit allegedly occurred in this district.

## II. STANDARD OF REVIEW

In assessing the sufficiency of the complaint pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). The Court, however, need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint. See California Public Employees' Retirement System v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id., citing Papasan v. Allain, 478 U.S. 265, 286 (1986). Indeed, the United States Supreme Court has held that a complaint is

properly dismissed under Fed.R.Civ.P. 12(b)(6) where it does not allege "enough facts to state a claim to relief that is plausible on its face," id. at 570, 127 S. Ct. 1955, or where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). See Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels, conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice but, rather, the complaint "must allege facts suggestive of [the proscribed] conduct" and that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim").

In addition, the Court is not limited to evaluating the complaint alone; it can also consider documents attached to the complaint, matters of public record, indisputably authentic documents, Delaware Nation v. Pennsylvania, 446 F.3d 410, 413 n. 2 (3d Cir. 2006), documents that form the basis of a claim, Lum v. Bank of America, 361 F.3d 217, 221 n. 3 (3d Cir. 2004) (*abrogation on other grounds recognized by* In re Insurance Brokerage Antitrust Litigation, 618 F.3d 300, 323 n. 22 (3d Cir. 2010)), and "documents whose contents are alleged in the complaint and whose authenticity no party questions," even though they "are not physically attached to the pleading...." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002). Plaintiff did not attach his three EEOC/PHRC charges to his Amended Complaint, but did provide copies of the EEOC right to sue letters issued in November 17, 2010, April 27, 2012 and November 12, 2012. In conjunction with their Motion to Dismiss, Defendants have provided copies of Plaintiff's first and second EEOC/PHRC complaints. [ECF No. 15-1, 15-2]. Plaintiff has not objected to the authenticity of these documents, which form the basis of his retaliation and constructive discharge claims and which are expressly referred to in his Amended Complaint.

5

Therefore, the Court finds that it may rely upon the EEOC administrative charges without converting the present motion to a motion for summary judgment under Rule 56. Price v. Schwan's Home Servs., Inc., No. 05-220J, 2006 WL 897721 (W.D. Pa. Apr. 3, 2006).[1]

## III. DISCUSSION

Defendant moves to dismiss Plaintiff's ADEA claim as untimely. Defendant argues that the allegedly discriminatory acts forming the predicate of Plaintiff's constructive discharge and retaliation claims were the subject of the two previously filed charges with the EEOC and cross-filed with the PHRC. After investigating each of Plaintiff's earlier charges, the EEOC issued right to sue letters on November 17, 2010, and April 25, 2012, notifying Plaintiff that he had 90 days to file suit against his employer for the conduct alleged in the charging complaint. Defendant contends the instant federal action for constructive discharge is unsustainable because it relies entirely upon acts made the subject of the prior two EEOC charges, and by failing to timely file suit, Plaintiff did not properly exhaust required and available administrative remedies. In the absence of any allegations of discriminatory or retaliation independent of the content of

---

[1] See also, Branum v. United Parcel Serv., Inc., 232 F.R.D. 505, 507 (W.D. Pa. 2005):

> The court notes that exhibits, such as the EEOC documents attached to defendant's motion, may be considered in deciding the motion to dismiss because "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case ... may be considered by the district court without converting the motion into one for summary judgment." 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 376 (3d ed.2004); Rogan v. Giant Eagle, Inc., 113 F. Supp.2d 777, 782 (W.D. Pa. 2000)(Cohill, J.)("It is clear to us that under the legal applicable standard we may consider the EEOC charge and related EEOC documents, including the letter from the EEOC summarizing its investigation, the right to sue letter, and the intake questionnaire, either as undisputed documents referenced in the complaint or central to the plaintiff's claim, or as information which is a matter of public record, without converting this motion to one for summary judgment."); Burkhart v. Knepper, 310 F.Supp.2d 734, 741-42 (W.D. Pa. 2004)(Gibson, J.) (holding that a district court is permitted to consider public records when deciding a motion to dismiss without converting the motion into a motion for summary judgment); Hercik v. Rodale, Inc., 2004 WL 1175734, at *1, 2004 U.S. Dist. LEXIS 9912, at *3-4 (E.D. Pa. May 24, 2004)(holding that a motion to dismiss was not converted into a motion for summary judgment when the court considered an EEOC charge of discrimination and other documents because those documents were public records).

Branum v. United Parcel Serv., Inc., 232 F.R.D. at 507.

the prior EEOC charges, Defendant argues that Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

In response, Plaintiff contends that the previously issued right to sue letters do not control the timeliness or propriety of this action; rather, Plaintiff argues, this action was timely filed within 90 days of receipt of a third EEOC right to sue letter issued on November 13, 2012, which arises solely out of his constructive discharge. Plaintiff posits that his pending lawsuit is proper because the predicate elements of his constructive discharge claim were not "actionable" at the time his prior EEOC charges were filed, in part because he had not suffered economic loss as a result of Defendant's conduct. Accordingly, Plaintiff contends he properly awaited his eventual discharge before commencing suit.

The resolution of Defendant's Motion to Dismiss requires analysis of the elements of constructive discharge and retaliation claims, the allegations set forth in Plaintiff's first two EEOC charges, the allegations of Plaintiff's Amended Complaint, and the dates of the EEOC right to sue letters of record in this matter.

### A. ADEA Claim

#### 1. Elements of a Constructive Discharge Claim

"The ADEA prohibits, among other things, the 'discharge' of a covered individual 'because of such individual's age.'" Clowes v. Allegheny Valley Hosp., 991 F.2d 1159, 1161 (3d Cir. 1993) (quoting 29 U.S.C. § 623(l )). The United States Court of Appeals for the Third Circuit employs "an objective test to determine whether an employee can recover on a claim on constructive discharge ... [specifically,] whether a reasonable jury could find that the employer permitted conditions so unpleasant or difficult that a reasonable person would have felt compelled to resign." Duffy v. Paper Magic Group, Inc., 265 F.3d 163, 167 (3d Cir. 2001)

7

(internal citations omitted); see Clowes, 991 F.2d at 1161. The Court of Appeals in Clowes also laid out a number of factors that may be indicative of a constructive discharge: "(1) threat of discharge; (2) suggesting or encouraging resignation; (3) a demotion or reduction of pay or benefits; (4) involuntary transfer to a less desirable position; (5) alteration of job responsibilities; and (6) unsatisfactory job evaluations." Lebofsky v. City of Phila., 394 F. App'x 935, 939 (3d Cir. 2010) (citing Clowes, 991 F.2d at 1161). The factors should demonstrate that when the plaintiff resigned, he was "fleeing from a stick" and not "reaching for a carrot." Connors v. Chrysler Fin. Corp., 160 F.3d 971, 975 (3d Cir.1998). Nolle v. Guitar Ctr., No. 11-1503, 2012 WL 4857791 (W.D. Pa. Oct. 12, 2012).[2]

Plaintiff's Amended Complaint alleges facts that demonstrate at least four of the factors indicating he was constructively discharged because of his advancing age. First, Plaintiff alleges that in 2010, at the age of 63, he was actively encouraged to retire. Second, Plaintiff claims that his job responsibilities were substantially altered such that he was required to perform as a "greeter," an unskilled position that was unrelated to his duties as an IT Help Desk Supervisor. Third, Plaintiff alleges that Defendant prevented him from participating in training for new software that was necessary to perform his job and keep his skills on par with younger members of the IT Technical Help Desk department who were included in the training. Lastly, Plaintiff alleges that his supervisors routinely and publicly berated him regarding his job performance. Plaintiff further alleges that he repeatedly lodged complaints with Defendant's human resources department; however, Defendant failed to take remedial action and, as a result, Plaintiff was "compelled" to tender his resignation on February 20, 2012. [ECF No. 12, ¶¶ 12-13].

---

[2] The Court notes that Plaintiff resignation/retirement letter coincided with reaching his 65th birthday on February 13, 2012. [ECF No. 15-1].

At this point in the litigation, it would appear that, if timely, Plaintiff's Amended Complaint alleges sufficient facts to make it plausible to conclude that he could satisfy the elements of a constructive discharge claim as set out in Clowes, 991 F.2d 1159, Connors, 160 F.3d 971, and Duffy, 265 F.3d 163, and that he suffered a constructive discharge.

### 2. Exhaustion of Administrative Remedies and Timeliness of Plaintiff's Complaint

Defendant argues that to the extent Plaintiff's constructive discharge claim is predicated upon the alleged discriminatory acts contained in his July 2010 and January 2012 EEOC charges, Plaintiff's current action cannot be sustained, because he failed to file suit within 90 days of receipt of the EEOC right to sue letters issued on November 17, 2010, and April 27, 2012, relative to those predicate acts.

Under the ADEA, after the EEOC has disposed of a charge by notifying the aggrieved party, a party has 90 days after receiving such notice to file a civil action against his employer. See 29 U.S.C. § 626(e). "[T]he plain language of Section 626(e) makes clear that the failure to file suit within 90 days after the receipt of a notice from the Commission renders a plaintiff's action untimely." McCray v. Corry Mfg. Co., 872 F. Supp. 209, 214, *aff'd*, 61 F.3d 224 (3d Cir. 1995); Gaspar v. Merck and Co., Inc., 118 F. Supp.2d 552, 555 (E.D. Pa. 2000). This 90 day period is "strictly construed" and without the showing of an equitable basis for tolling, "a civil suit filed even one day late is time barred and may be dismissed." Burgh v. Borough Council of the Borough of Montrose, 251 F.3d 465, 470 (3d Cir. 2001).

In Thompson v. Brandywine School Dist., 478 F. App'x 718 (3d Cir. 2012), the United States Court of Appeals for the Third Circuit affirmed the grant of summary judgment in favor of an employer where the plaintiff failed to file suit within 90 days of the issuance of an EEOC

right to sue letter but attempted to preserve the claims by adding them to a later filed national origin and religious discrimination suit.

> Additionally, although Thompson did exhaust his claims for racial discrimination and retaliation, he was required to bring a private action based on those charges within 90 days after receiving the EEOC's right-to-sue letter, which was issued in August 2007. See 42 U.S.C. § 2000e–5(f)(1); Burgh, 251 F.3d at 472. He did not, however, raise such claims until he filed his amended complaint, which occurred more than two years after receiving the EEOC's letter. "We have strictly construed the 90–day period and held that, in the absence of some equitable basis for tolling, a civil suit filed even one day late is time-barred and may be dismissed." Burgh, 251 F.3d at 470. Here, there is no indication that any basis exists for tolling the limitation period for filing the claim based on race discrimination. Accordingly, the District Court properly dismissed the claim as time-barred.

Thompson, 478 F. App'x at 720. Therefore, judgment in favor of an employer is proper where the employee fails to file suit within 90 days of an EEOC right to sue letter, and attempts to rectify the failure to timely file by securing a second right to sue letter on the same facts alleged in the first EEOC charge.

In Soso Liang Lo, 787 F.2d 827 (2d Cir. 1986), the United States Court of Appeals for the Second Circuit summarily affirmed the entry of judgment in favor of an employer where a race discrimination action was timely filed after the issuance of a second right to sue notice, but was based upon a charge involving the same facts as a previously issued right to sue notice. The Court of Appeals held that the determination of whether the present action is time barred is made with reference to only the allegations in the first right to sue notice. "Otherwise, the time limitations of 42 U.S.C. § 2000e(f)(1) would be meaningless, because potential Title VII plaintiffs could evade those requirements simply be seeking additional Notices of Right to Sue whenever they pleased.").

Plaintiff argues that his failure to timely file after the first or second right to sue letter is of no consequence because he was not "constructively discharged" until the date indicated by his

retirement letter, and any discriminatory acts otherwise barred by his failure to timely file suit remain relevant because "they were put forward to support his claim that his separation from employment was, in fact, constructive discharge." [ECF No. 19, p. 6]. Plaintiff also states that "this is not a hostile environment claim, and damages are being sought only for the constructive discharge, not the acts that led up to the constructive discharge." [ECF No. 18, p. 4].

Plaintiff contends that the acts comprising his constructive discharge claim are preserved because until his involuntary retirement, he had not suffered economic loss or, alternatively, certain of the conduct alleged did not rise to the level of "actionable adverse employment actions." [ECF No. 18, p. 4]. Accordingly, Plaintiff opted "not to incur the expense of a federal lawsuit solely for the potential of injunctive relief." Id.

Plaintiff's strategic decision to delay economic loss resulting from alleged discrimination until after his 65th birthday in February 2012 does not define the scope of his claim nor the limitations date. Each of the allegations contained in Plaintiff's Amended Complaint that form the basis of his constructive discharge claim were "discrete" discriminatory acts subject to individual EEOC charges, as he recognized when he filed the July 2010 and January 2012 administrative complaints. It is not the case that Plaintiff was unaware that Defendant's conduct in demoting him or refusing training was discriminatory until after he submitted his retirement letter.

The United States Supreme Court has stated that "discrete discriminatory acts" are not actionable if they are time-barred, even when related to acts alleged within the statutory period. Nat'l R.R. Co. v. Morgan, 536 U.S. 101, 114 (2002). The Court in Morgan explained:

> Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable "unlawful

11

employment practice." [Plaintiff] can only file a charge to cover discrete acts that "occurred" within the appropriate time period.

Morgan, 536 U.S. at 114. The Supreme Court distinguished "discrete acts" of unlawful discrimination, which are individually actionable, from "hostile [work] environment" claims, which are based on the totality of a series of acts that may not be independently actionable. Id. at 115. Because a hostile work environment is itself an "unlawful employment practice," the Court held in Morgan that so long as one act contributing to the claim occurred within the statutory period, "the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." Id. at 117. The United States Court of Appeals for the Third Circuit in O'Connor v. City of Newark, 440 F.3d 125 (3d Cir. 2006), explained:

> Morgan held simply that causes of action that can be brought individually expire with the applicable limitations period. By contrast, the "hostile workplace environment" theory is designed explicitly to address situations in which the plaintiff's claim is based on the cumulative effect of a thousand cuts, rather than on any particular action taken by the defendant. In such cases, obviously the filing clock cannot begin running with the first act, because at that point the plaintiff has no claim; nor can a claim expire as to that first act, because the full course of conduct is the actionable infringement. The Court did nothing more than to restate, in the employment discrimination context, the commonsense proposition that an applicable statute of limitations begins to run at the time the claim accrues, and that time-barred claims cannot be resurrected by being aggregated and labeled continuing violations.

O'Connor, 440 F.3d at 128–29 (internal citations omitted),

Recently, in a case filed in this Court, where Plaintiff's counsel also represented the employee, Judge McVerry rejected an argument that stale claims arising out of discrete acts could be revived through a "continuing violation" theory.

> As an initial matter, in analyzing Plaintiff's hostile work environment claim, it is necessary to distinguish between "discrete" acts and "non-discrete" acts because the former are "individually actionable" and thus must be brought within the statutory period "or they will not support a law suit." O'Connor v. City of Newark, 440 F.3d 125, 127 (3d Cir. 2006). The latter, on the other hand, may be

12

> aggregated to form the basis of a hostile work environment claim. Id. The Supreme Court has set forth "fairly precise guidance as to what sorts of acts are 'discrete.'" Id. Typically, they are singular events in a person's employment such as "termination, failure to promote, denial of transfer, refusal to hire, wrongful suspension, ***wrongful discipline***, denial of training, wrongful accusation." Id. (emphasis added). By contrast, "non-discrete" acts most often take place "over a series of days or perhaps years," and it is their cumulative effect over time that gives rise to a claim. Morgan, 536 U.S. at 115.
>
> In view of that distinction, the Court finds that Plaintiff's allegations of unwarranted discipline from 1992 until 2010 "fall into the category of discrete acts." See O'Connor, 440 F.3d at 127. Plaintiff may not group these incidents together under the heading "hostile work environment," thereby allowing him to revive otherwise stale claims that had to be raised within 300 days of their occurrence. See Hayes v. Del. State Univ., 726 F. Supp.2d 441, 454 (D. Del. 2010) (finding that alleged wrongful accusations were "discrete acts which are subject to the time bar"); Fusco v. Bucks Cnty., No. 08–2082, 2009 WL 4911938, at * 8 (E.D. Pa. Dec. 2009) (holding that wrongful discipline was discrete act and thus could not be part of plaintiff's hostile work environment claim). Therefore, Plaintiff's hostile work environment claim must be limited to Gurtner's 1991 statement, Gurtner's references to him as a "good little boy," Hedglin's 2009 statement, and the other incidents, such as the removal of his lunch.

Gale v. UPMC Horizon, 2:12-CV-00617, 2013 WL 5534238 (W.D. Pa. Oct. 7, 2013). Accordingly, while the employee's termination occurred during the statutory period, he could not use it "as the lynchpin" to "pull in a time-barred discriminatory act." Gale v. UPMC Horizon, 2013 WL 5534238 *8 (quoting Patterson v. Cnty. of Oneida, 375 F.3d 206, 220 (2d Cir. 2004)). "'[C]ontinuity of employment, without more, is insufficient to prolong the life of a cause of action for employment discrimination.'" Patterson, 375 F.3d at 220 (citing Morgan at 112-13 (quoting Delaware State College v. Ricks, 449 U.S. 250, 257 (1980)).

Plaintiff's constructive discharge claim is predicated upon discrete acts, *i.e*, demotion, failure to train, poor reviews based on false allegations, and retaliation, which were all the subject of his first and second EEOC charges. As such, Plaintiff was required to properly exhaust his administrative remedies for those acts by timely filing suit no later than July 26,

13

2012, or 90 days after the issuance of the second EEOC right to sue letter. Plaintiff's failure to timely file suit within 90 days of the issuance of the first and second EEOC letters operates just as if Plaintiff had failed to initially file a charge with the EEOC within 300 days of any of the discrete acts alleged in his Amended Complaint. Plaintiff's pending lawsuit therefore cannot revive the conduct comprising his constructive discharge claim. See Massi v. City of Philadelphia, No. 12-1309, 2013 WL 1194643 (E.D. Pa. Mar. 25, 2013) (the continuing violation doctrine does not permit plaintiff to sue for conduct that would otherwise be time-barred and "'does not eliminate the requirement that a plaintiff file a judicial action within 90 days of receipt of notice of the right to sue'"); Anderson v. Consolidated Rail Corp., 1999 WL 672910 *1 (E.D. Pa. 1999)(a party cannot rely upon the continuing pendency of another charge of discrimination covering the identical claim subject to a right to sue letter and delay filing suit; "otherwise, a party could easily circumvent the limitation requirement by filing successive charges alleging the same wrongdoing"); Vlikonja v. Gonzlaes, No. 04-1001, 2005 WL 6164807 *5 (D.D.C. 2005).

Because Plaintiff cannot use his constructive discharge claim as the "lynchpin" to pull in the time-barred discriminatory acts, in order for Plaintiff's constructive discharge claim to survive, he must allege discriminatory conduct sufficient to give rise to constructive discharge occurring in the period January 4, 2012, when he filed his second EEOC charge, through February 20, 2012, the date he indicated his intent to retire. Plaintiff's Amended Complaint fails to allege any independent discriminatory conduct occurring after January 4, 2012, sufficient to state a claim for constructive discharge under the ADEA, but rather broadly alleges that unlawful conduct continued up to the date of his retirement. Because Plaintiff alleges no specific facts rising above the speculative level that any discriminatory conduct giving rise to a claim for

14

constructive discharge occurred during the relevant time period, dismissal of his ADEA constructive discharge claim is warranted. Twombly, 550 U.S. at 561–62.

### B. Retaliation Claim

A separate provision of the ADEA specifically prohibits private-sector employers from retaliating against employees or applicants who complain about age-based discrimination. 29 U.S.C. § 623(d). To establish a retaliation claim under the ADEA, Plaintiff must show "(1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." Culler v. Secretary of U.S. Veterans Affairs, 507 F. App'x. 246, 250 (3d Cir. 2012) (citing Fogleman v. Mercy Hosp., Inc., 283 F.3d 561, 567 (3d Cir. 2002)). Protected employee activity consists of formal, or "participation," activities such as making a charge, testifying, assisting, or participating in an investigation, proceeding, or hearing and informal, or "opposition," activities which can mean any expressed opposition to unlawful employment practices. Moore v. City of Philadelphia, 461 F.3d 331, 341 (3d Cir. 2006).

Plaintiff alleges two instances of protected activity: his EEOC charge filed on July 20, 2010, and his second EEOC charge filed on January 4, 2012. [ECF No. 1 at ¶¶ 22, 57]. It is undisputed that filing an EEOC charge constitutes protected activity. [ECF No. 15, p. 7].

Like a charge of discrimination, a charge of retaliation is subject to time limitations and filing deadlines. See. e.g., Rockmore v. Harrisburg Prop. Serv., 501 F. App'x 161, 164 (3d Cir. 2012), *cert. denied*, 133 S. Ct. 2341 (2013)(affirming dismissal of Title VII discrimination and retaliation claims where plaintiff failed to file suit within 90 days of receiving a right-to-sue letter from the EEOC).

Plaintiff's second EEOC charge alleges that he filed an administrative complaint with the PHRC and EEOC, which was served on his employer on or about July 20, 2010; and, further,

> [s]ince July 20, 2010, I have been required to do two jobs without any raise; harassed on almost a weekly basis and then given a bad performance evaluation, *all in retaliation for my Charge of Age Discrimination in July 2010*. Also refused training on the new help desk program; supervising position of mine given to Gary Kubala and Peter Schlagel.

[ECF No. 15-2, p. 2 (italics added)]. Inasmuch as the facts alleged in the Amended Complaint supporting Plaintiff's retaliation claim were the subject of his second EEOC charge and the right to sue letter issued on April 27, 2012, Plaintiff's failure to timely file suit within 90 days bars this claim.

Alternatively, Defendant contends that Plaintiff fails to allege facts sufficient to support a retaliation claim because he did not suffer any adverse action from the allegedly false written reviews or job transfer, and otherwise fails to allege facts to establish a causal connection between his July 20, 2010 charge and the adverse employment actions. The disposition of the Plaintiff's claims as time barred renders a substantive analysis of the sufficiency of Plaintiff's allegations unnecessary.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss [ECF No. 14] is granted and Plaintiff's Amended Complaint is dismissed without prejudice. Plaintiff is granted twenty days to file a Second Amended Complaint setting forth any facts in support of his constructive discharge and/or retaliation claims occurring in the period January 4, 2012 and March 30, 2012, which were also the subject of his third EEOC charge filed on April 13, 2012. In the absence of a timely filed Second Amended Complaint, the Court notes that it does not reach the merits of Plaintiff's surviving PHRA claims, if any. In the absence of a viable federal

16

claim, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, which are dismissed without prejudice. To the extent any state remedies remain available, Plaintiff may pursue those claims in Pennsylvania state court. An appropriate Order follows.

## ORDER

AND NOW, this 4th day of December 2013, upon consideration of the Motion to Dismiss Plaintiff's First Amended Complaint [ECF No. 14] filed by Defendant Butler Health System/Butler Memorial Hospital, and the briefs and exhibits filed in support and opposition thereto, and for the reasons set forth in the accompanying Opinion, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss is granted and Plaintiff's First Amended Complaint is dismissed without prejudice.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if the Plaintiff wishes to appeal from this Order he must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk of Court.

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

Dated: December 4, 2013

cc:   All Counsel of Record via CM-ECF